LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA WALSH, ESQ.
Nevada Bar No. 11320
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation, | Case No.: |
| Plaintiff, | |
| v. | *EX PARTE* TEMPORARY RESTRAINING ORDER |
| Kanter Associates SA, a corporation, | |
| Defendant. | FILED UNDER SEAL |

UPON CONSIDERATION of the Motion filed by Paintiff GNLV, Corp. ("GNLV" or "Plaintiff"), requesting a temporary restraining order and injunction requiring Defendant Kanter Associates SA ("Kanter" or "Defendant") to immediately cease and desist all use of the <www.thegoldennuggett.com> domain name ("the infringing Domain Name") and Plaintiff's trademarks and requiring the domain name registrar to lock the domain name at issue and transfer it to GNLV, the supporting Memorandum of Points and Authorities, the supporting Declarations and evidence, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

1.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338;

. . .

2. The Court has personal jurisdiction over the Defendant in that Defendant regularly conducts business in the State of Nevada, and Defendant committed tortious acts that he or she knew or should have known would cause injury to Plaintiff in the State of Nevada;

3. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and has obtained federal registration for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044);

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988); and

   (d) GOLDEN NUGGET for hotel and resort hotel services (U.S. Reg. No. 2,240,084).

4. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and is a licensee of several federal registrations for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044);

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988); and

   (d) GOLDEN NUGGET for hotel and resort hotel services (U.S. Reg. No. 2,240,084).

5. Based on its federal trademark registrations and extensive use, GNLV owns the exclusive right to use the GOLDEN NUGGET Marks in connection with resort hotel, casino and related services. The extensive advertising and promotion of the "Golden Nugget" resort hotel casinos have resulted in the GOLDEN NUGGET name and marks being distinctive for resort hotel casino services;

6. Defendant Kanter has used GNLV's marks as part of its Internet domain name <thegoldennuggett.com> without GNLV's authority or permission;

7. GNLV will suffer irreparable injury if the Court does not require the domain name registrar Fabulous.com PVT. LTD. ("Registrar") to lock the infringing <thegoldennuggett.com> domain name and transfer it to GNLV pending litigation of this matter;

8. GNLV has demonstrated that it will suffer irreparable harm if a Temporary Restraining Order is not entered ex parte because, immediately upon notice of suit and prior to hearing, Defendant could transfer the Infringing Domain Name to another registrant or registrar. Transfer of the Infringing Domain Name to another registrant would deprive the court of jurisdiction and require GNLV to file additional suits to chase the Infringing Domain Name to recover its intellectual property. Transfer of the Infringing Domain Name to another registrar would require GNLV to expend significant effort and financial resources to track the registration;

9. GNLV has demonstrated likelihood of success on the merits of its cybersquatting claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(d);

10. GNLV has demonstrated likelihood of success on the merits of its mark infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law;

11. GNLV has demonstrated likelihood of success on the merits of its unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a);

12. The balance of hardships tips in favor of GNLV because issuance of the restraining order and injunction would merely lock and transfer the domain name to GNLV pending trial, and failure to issue the restraining order and injunction would cause GNLV to suffer irreparable injury to its name and marks and the associated goodwill if Defendant is not enjoined from registering, maintaining the registration on or using domain names containing GNLV's marks or marks confusingly similar to GNLV's name and marks;

13. There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: GNLV's *ex parte* Application for Temporary Restraining Order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name <thegoldennuggett.com> shall be immediately locked by the Registrar and/or its successor registrars

LV 419,392,879v1 5-17-11

and transferred to GNLV.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of GNLV's name and trademarks and any and all variants thereof, including use of the Infringing Domain Name, and take all necessary actions to transfer the Infringing Domain Name to GNLV.

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Name.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon GNLV within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with this Court's Order; and

IT IS FURTHER ORDERED that GNLV shall post a nominal bond of $ 100.00 for each domain name at issue because the evidence indicates that Defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

## ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of GNLV's Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter and for good cause shown;

1. The Court hereby sets the hearing for Plaintiff's Motion for Preliminary Injunction on June 7, 2011, at 9:00 a.m./p.m. in Courtroom 6D at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2. Further, the Court hereby sets the following briefing schedule relating to Plaintiff's Motion:

(e) Defendant shall file and serve opposition papers, if any, no later than May 31, 2011; and

LV 419,392,879v1 5-17-11

1  (f)  Plaintiff shall file and serve its reply brief, if any, no later than  June 2  ,
2  2011.

3  3.  In addition, to ensure Defendant received timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, GNLV may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission.

_____
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2011

Respectfully submitted by:

DATED: 20th day of May, 2011

GREENBERG TRAURIG, LLP

_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
Counsel for Plaintiff

LV 419,392,879v1 5-17-11